**Robert H. GIRANI, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

**No. 89–3442.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 1991.

Donald L. Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, Ky., argued, for petitioner. With him on the brief was Scott D. Spiegel.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Stephen J. McHale, Asst. Director. Also on the brief was Peter Hannums, Atty., F.A.A., Washington, D.C., of counsel.

Before MARKEY * and LOURIE, Circuit Judges, and BROWN, District Judge.**

GARRETT E. BROWN, Jr., District Judge.

This is an appeal from the award of an arbitrator upholding the removal of petitioner from the federal service. We have jurisdiction under 5 U.S.C. §§ 7121(f) and 7703. For the reasons discussed below, we *affirm*.

I.

Petitioner was employed by respondent, Federal Aviation Administration (FAA), as an air traffic controller in Albuquerque, New Mexico. During an interview in 1987 with FAA investigators, he admitted to off-duty use of cocaine. On October 14, 1987, the FAA notified petitioner that it proposed to remove him from the federal service for "[u]se of cocaine." By a "last chance" agreement dated December 10, 1987, the FAA agreed to delay petitioner's removal pending successful completion of a rehabilitation program. The FAA cautioned peti-

tioner that the program would be his "one opportunity for rehabilitation as provided in the [FAA's] substance abuse policy." Among other conditions, the agreement specifically required petitioner to attend Alcoholics Anonymous meetings, and refrain from reporting to work "under the influence of alcohol or any unapproved drug." The agreement also warned petitioner that "any further involvement ... with illegal, mind-altering substances, or failure to adhere to any of the terms of this letter, will result in separation."

One year later, on December 9, 1988, Dr. Anthony Ziegler, FAA's Regional Flight Surgeon, wrote to petitioner congratulating him on successfully completing the rehabilitation program. The FAA, however, was unaware that on September 29, 1988, at approximately 3:00 a.m., petitioner was stopped by local police in Albuquerque and there failed a field sobriety test.[1] He was tried and convicted in Metropolitan Court on February 2, 1989, of driving under the influence, but the matter was dismissed on appeal because "the State failed to comply with its obligation to timely enter a final determination of guilt or innocence." *See* Pet.App. 8–9.[2]

On March 17, 1989, the FAA, by that time aware of petitioner's arrest and conviction, notified petitioner that he had breached the "last chance" agreement, and that he was therefore removed from the federal service:

The final order on a criminal complaint entered by the Metropolitan Court, County of Bernalillo, confirms your failure to successfully complete your rehabilitation program. [We] have determined that

---

* Circuit Judge Markey vacated the position of Chief Judge on June 27, 1990.

** Judge Garrett E. Brown, Jr., United States District Court for the District of New Jersey, sitting by designation.

1. In a sworn statement, the arresting officer cited the odor of alcohol, slurred speech, and bloodshot eyes as reasonable grounds to believe petitioner was under the influence of alcohol. Petitioner twice refused to submit to a breathalyzer test.

2. Petitioner now admits that he had indeed been drinking on the night of September 29, 1988.

Nevertheless, when he met with one of his rehabilitation counselors on October 13, 1988, petitioner apparently claimed that he had just celebrated a year of sobriety. In a letter to FAA officials dated October 13, 1988, the counselor reported:

On October 2nd, [1988,] Mr. Girani celebrated a year of sobriety. He appeared pleased and confident about this accomplishment. His motivation to remain drug and alcohol-free is very strong, and he is quite determined to continue to maintain his sobriety without additional treatment.

you have violated the conditions of our agreement dated December 10, 1987, concerning your rehabilitation program. [We] find that the reasons cited in the letter dated October 14, 1987, are fully supported by the evidence and warrant your removal to promote the efficiency of the service. It is [our] decision that you be removed effective March 17, 1989.

Petitioner submitted his case to an arbitrator pursuant to the terms of a collective bargaining agreement between the FAA and the National Air Traffic Controllers Association. After reviewing all of the documentary evidence and taking testimony from both sides, the arbitrator found that, in view of petitioner's " 'total history' of struggling with chemical substances, and considering the fact that the job involved is 'high risk' air traffic control work, ... the [FAA's] decision was *clearly reasonable....*" See Pet.App. 30 (emphasis added).[3] In so finding, the arbitrator relied on several items of evidence. First, petitioner had a history of substance abuse, including a prior DWI conviction in 1985. Second, petitioner apparently misrepresented to his counselors that he was free of both drugs and alcohol in October 1988, when days earlier he had, by his own admission, consumed several beers. Finally, and most significantly, the arbitrator concluded that alcohol abuse was as much a part of the FAA's rehabilitation program, and the "last chance" agreement with petitioner, as drug abuse.[4]

## II.

Petitioner raises two principal issues on this appeal.[5] He first contends that the FAA violated the Civil Service Reform Act (the "CSRA") by removing him for alcohol use without *proper notification.* His second contention is that the arbitrator measured the FAA's decision to remove him by an erroneous legal standard. By simply finding that the decision was "clearly reasonable," petitioner argues, the arbitrator ignored the statutory requirement that an agency's decision to remove an employee for reasons other than unacceptable performance be "supported by a preponderance of the evidence." 5 U.S.C. § 7701(c)(1)(B). We will address these contentions seriatim.[6]

---

3. At another point in his opinion, the arbitrator characterized the FAA's decision as "reasonable and just." See Pet.App. 35.

4. To support this conclusion, the arbitrator pointed to the following items of record: 1) specific references in the "last chance" agreement to alcohol, including the requirement that petitioner attend Alcoholics Anonymous meetings; 2) the testimony of an FAA official, Dean Gensamer, who stated that he had verbally informed petitioner that alcohol was part of the FAA's rehabilitation program; and 3) the written policy of the FAA on substance abuse, which was explicitly mentioned in the "last chance" agreement, and which states that "[a]ny recurrence of illicit drug use or the abuse of alcohol or other substance will result in immediate removal by the FAA." See Pet.App. 37.

5. Petitioner advances two other arguments which are devoid of merit. He claims that the failure of the arbitrator to provide for a transcript violates 5 U.S.C. § 7701(a)(1) and thus warrants reversal. § 7701(a)(1) provides that in an appeal to the Merit Systems Protection Board (MSPB), the appellant "shall have the right ... to a hearing for which a transcript will be kept...." Even assuming that § 7701(a)(1) applies to proceedings before an arbitrator, *see*

5 U.S.C. § 7121(e)(2), a failure to comply with it requires reversal only in the event of harmful error. *See Harp v. Department of Army,* 791 F.2d 161 (Fed.Cir.1986). Here, as in *Harp,* petitioner makes no suggestion that the record before us is insufficient to permit a full consideration of the issues he has raised, and we therefore cannot find harmful error. Petitioner also argues that the arbitrator's reliance on his past involvement with drugs and alcohol, dating back several years, contravened Article 10, Section 9 of the collective bargaining agreement, which provides that "[n]o disciplinary action may be based in total or in part on previous acts unless those acts occurred within the previous twenty-four (24) months...." *See* Pet.App. 12. Contrary to petitioner's view of the record, the FAA based its disciplinary action not on prior instances of substance abuse, but on his admitted use of cocaine in 1987.

6. Although the parties are before us on an appeal from an arbitrator's award, rather than a decision of the MSPB, the standard of review set forth in 5 U.S.C. § 7703(c) is applicable here, *see* 5 U.S.C. § 7121(f), for the arbitrator is required to apply the same substantive rules that the MSPB would apply. *See* 5 U.S.C. § 7121(e)(2). *See also Cornelius v. Nutt,* 472 U.S. 648, 652, 105 S.Ct. 2882, 2885, 86 L.Ed.2d 515 (1985).

A. Petitioner was removed from his position as an air traffic controller under 5 U.S.C. §§ 7512 and 7513(a), which permit an agency such as the FAA to remove an employee "for such cause as will promote the efficiency of the service." The statute protects employees by entitling them to: 1) 30 days' written notice of the proposed removal, 2) a "reasonable time" to respond to the notice, 3) legal representation, and 4) a written decision from the agency of the "specific reasons" for the removal. *See* 5 U.S.C. § 7513(b).

 Petitioner concedes, as he must, that the FAA initially complied with § 7513(b), and that the notice of proposed removal, which cited his "[u]se of cocaine", was based on "such cause as will promote the efficiency of the service." *See Stump v. Department of Transp.*, 761 F.2d 680 (Fed.Cir.1985) (upholding removal of air traffic controller for off-duty use of cocaine and possession of cocaine and drug paraphernalia); *Borsari v. Federal Aviation Admin.*, 699 F.2d 106 (2d Cir.1983) (upholding removal of air traffic controller based on criminal convictions for sale and possession of cocaine and marijuana).[7] His argument is rather that the FAA violated the CSRA by removing him for a reason for which he was never given notice, i.e., alcohol consumption.

We are unpersuaded by petitioner's argument. It is based on the faulty premise that alcohol consumption was a separate disciplinary charge against him, therefore entitling him to a new notice of proposed removal and all of the other procedural safeguards of § 7513(b). Alcohol use, however, was not a separate charge, but was merely the evidence relied on by the FAA to demonstrate that petitioner had breached the "last chance" agreement. In *Wal-*

*ton v. Department of the Navy*, 24 M.S.P.R. 565 (1984), the MSPB rejected an argument similar to the one advanced by petitioner. There, the employee was notified that unauthorized absences, apparently due to excessive drinking, were the reason for his proposed removal. The agency and the employee entered into a "last chance" agreement which obligated the employee to participate in a rehabilitation program, and which also provided that if the employee improved his attendance to a "fully satisfactory level," the proposed removal would be cancelled. The MSPB held that "the requirement that [the employee] bring his attendance up to a fully satisfactory level within a reasonable period of time does not constitute a new charge but rather a contingency," and that the employee "understood the situation completely and understood what was expected of him." *Id.* at 569. The MSPB therefore found that the agency was not required to issue a new notice of proposed removal.

We find the reasoning in *Walton* convincing in this context.[8] Petitioner's proposed removal was based not on alcohol consumption, but on his admitted use of cocaine, and there is substantial evidence on this record that petitioner was aware that this was the FAA's reason for removing him.[9] The FAA and petitioner entered into a "last chance" agreement, which afforded petitioner "one opportunity" at rehabilitation. Although petitioner argues otherwise, the record clearly supports the arbitrator's conclusion that abstaining from alcohol was part of that rehabilitation program, and, again, that petitioner was aware of that fact. *See supra* note 4. As in *Walton*, the requirement that petitioner abstain from all alcohol consumption was

---

7. In *Borsari,* the Second Circuit found that "the incompatibility of drugs with successful air traffic control" furnished ample cause for the FAA to remove the employee "to promote the efficiency of the service." *Borsari,* 699 F.2d at 110.

8. Of course, we are not bound by prior decisions of the MSPB, but its interpretations of the CSRA are entitled to weight. *Johnson v. MSPB,* 812 F.2d 705, 708 (Fed.Cir.1987).

9. In the "last chance" agreement, the FAA made clear its position that "the reason and specification cited in the letter of proposed removal are supported by the evidence." And on March 17, 1989, when the FAA notified petitioner that he had breached the "last chance" agreement and therefore would be removed immediately, the FAA reiterated that the "reasons cited in the letter dated October 14, 1987, are fully supported by the evidence and warrant your removal to promote the efficiency of the service."

"not a new charge but rather a contingency," and his admitted failure to so abstain entitled the FAA to remove him without having to repeat compliance with § 7513(b).

B. When a removal decision under § 7513(a) is challenged, the MSPB, or, in this case, the arbitrator, can sustain that decision only if it is "supported by a preponderance of the evidence." 5 U.S.C. § 7701(c)(1)(B). Petitioner argues that the arbitrator ignored this standard, and focused instead on whether the FAA's decision to remove him was "clearly reasonable."

Petitioner is correct that § 7701(c)(1)(B) and the words "preponderance of the evidence" are never mentioned in the opinion of the arbitrator, but we cannot agree that this requires us to overturn the FAA's decision, or even to remand the case to the arbitrator for more specific findings. Nothing in the statute compels arbitrators to make an explicit finding that an agency's decision is supported by a preponderance of the evidence, and we know of no other reason to place such a burden on them. To do so would further "judicialize" a process which was meant to be "'faster, cheaper, [and] less formal' than litigation." *Wissman v. Social Security Administration*, 848 F.2d 176, 177–78 (Fed.Cir.1988) (quoting *Devine v. White*, 697 F.2d 421, 435 (D.C.Cir.1983)). As the Supreme Court noted in *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960),

A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award. To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions. This would be undesirable for a well-reasoned opinion tends to engender confidence in the integrity of the process....

*Id.* at 598, 80 S.Ct. at 1361 (footnote omitted). *See also Gonce v. Veterans Administration*, 872 F.2d 995, 999 (Fed.Cir.1989) (arbitrator not required to set out specific findings of fact to support an award).[10]

We cannot infer from the arbitrator's reference to the FAA's decision as "clearly reasonable" that he misapprehended the legal standard of review, especially where petitioner conceded both the cocaine and alcohol use. The arbitrator's decision was supported by substantial evidence, and was neither arbitrary nor capricious. *See* 5 U.S.C. § 7703(c). The decision, therefore, will be

AFFIRMED.

---

**10.** For the same reasons, we hold that an arbitrator has no duty to make a specific finding that a removal under § 7513(a) is for the "efficiency of the service." Certainly here there is no question that petitioner's removal met the statutory standard. *See Stump,* 761 F.2d at 681; *Borsari,* 699 F.2d at 110.