68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles A. ELBERT, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3312.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1995.
 
 Before NEWMAN, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Mr. Charles A. Elbert appeals the decision of the Merit Systems Protection Board. The Board sustained the Department of Veterans Affairs' initial removal of Mr. Elbert for absence without leave (AWOL). This court vacates and remands.
 
 
 2
 Mr. Elbert worked as an engineering technician for the Department. The Department issued a notice of removal on March 24, 1993, because Mr. Elbert was habitually AWOL. On May 14, 1993, the Department held the removal in abeyance for a one-year probationary period. During this period, Mr. Elbert agreed to participate in a substance abuse program, maintain satisfactory work habits, and support all unscheduled absences with medical documentation. Failure to comply with any of these requirements would result in enforcement of the initial removal notice.
 
 
 3
 The administrative judge summarily found that Mr. Elbert had not given any consideration for this abeyance. The administrative judge stated that consideration had not been given because Mr. Elbert did not waive his appeal rights. The administrative judge, therefore, did not consider the event that allegedly violated the terms of the abeyance agreement, but instead examined the events that led to Mr. Elbert's initial removal. On that evidence, the administrative judge sustained the removal. Neither side contested the validity of the agreement.
 
 
 4
 Mr. Elbert's initial removal was based upon two AWOLs in March, 1993. The first AWOL was for four hours the afternoon of March 2, 1993. The second AWOL was for one-quarter hour the afternoon of March 3, 1993. Mr. Elbert's past disciplinary record includes: admonishment for AWOL on May 22, 1991; reprimand for AWOL on February 25, 1992; suspension for three days for AWOL on April 3, 1992; and suspension for fourteen days for AWOL on July 6, 1992. The administrative judge found that Mr. Elbert had been AWOL in the past and did not show any rehabilitation from his past discipline. Thus, he found no basis for disturbing the penalty of removal.
 
 
 5
 Mr. Elbert alleged that he was marked AWOL in retaliation for filing an EEO complaint. The administrative judge, however, found no evidence of a retaliatory motive.
 
 
 6
 Mr. Elbert also alleges discrimination caused his removal. The administrative judge found that besides Mr. Elbert's bare allegation, no evidence showed harsh or disparate treatment.
 
 
 7
 This court must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 8
 Both Mr. Elbert and the Department assert that the administrative judge erred in finding no agreement between the parties. Neither party disputes the formation of the agreement nor asks for affirmance of the Board. The Department argues that the administrative judge should have considered whether the abeyance letter consituted a "last chance agreement." The Department still contends that Mr. Elbert breached the abeyance letter and should be removed. However, the Board made no findings on that issue. Mr. Elbert argues that there was an agreement and he relied upon it. He also argues that he did not breach the agreement and offered a doctor's letter in support of his argument.
 
 
 9
 "Last chance" agreements are common. Many, but not all, include waivers of future appeal rights. Mr. Elbert agreed to attend rehabilitation classes, maintain satisfactory work habits, and support any absence with acceptable documentation, in exchange for regaining his job and abeyance of his removal for one year. This court and the MSPB have found similar terms valid. See Girani v. Federal Aviation Admin., 924 F.2d 237 (Fed.Cir.1991); Hamilton v. United States Postal Serv., 824 F.2d 976 (Fed.Cir.1987) (unpublished decision); Sullivan v. United States Postal Serv., 56 M.S.P.R. 196, aff'd, 11 F.3d 1073 (Fed.Cir.1993) (Table); Walton v. Department of Navy, 24 M.S.P.R. 565 (1984). Thus, the administrative judge erred in finding this agreement invalid for lack of consideration.
 
 
 10
 The Board abused its discretion in finding this agreement invalid for lack of consideration. Therefore, this court vacates the administrative judge's decision and remands for a finding of whether Mr. Elbert breached the terms of the agreement.