# United States Court of Appeals for the Federal Circuit

04-3370

REX A. BAKER,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

Alan K. Hahn, Grady and Associates, of San Diego, California, argued for petitioner.

Paul R. Wellons, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel was Wayne A. Tonkins, Sr., Office of the Chief Counsel, Federal Aviation Administration, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3370

REX A. BAKER,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

———————————————

DECIDED:  August 16, 2005

———————————————

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

SCHALL, Circuit Judge.

Rex A. Baker petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of Transportation, Federal Aviation Administration ("FAA" or "agency"), removing him from his position as an Air Traffic Control Specialist, AT-2152-LH.  Baker v. Dep't of Transp., No. SF-0752-02-0369-I-2 (M.S.P.B. May 25, 2004) ("Final Decision").  The agency removed Mr. Baker based upon the charge of off-duty drug use of a controlled substance.  The removal action was taken after Mr. Baker was discharged from a substance abuse treatment facility.  Mr. Baker had entered the facility as part of a FAA-

approved rehabilitation/treatment program following his off-duty use of the controlled substance and his proposed removal for that use. The agency had agreed to hold the removal action in abeyance pending Mr. Baker's successful completion of the program. Because we conclude that the Board erred in not considering Mr. Baker's challenge to the propriety of his discharge from the rehabilitation/treatment program, the decision of the Board is reversed. The case is remanded to the Board for further proceedings on that issue.

## BACKGROUND

### I.

Mr. Baker was formerly employed as an Air Traffic Control Specialist, AT-2152-LH, at the Southern California Terminal Radar Approach Control in San Diego, California. On January 11, 2001, while off-duty, he was arrested for possession of a controlled substance. The arrest came after authorities searched the vehicle he was driving and discovered a pipe and a container with a substance later confirmed to be methamphetamine. A blood test taken while Mr. Baker was in custody tested positive for amphetamine and methamphetamine. Mr. Baker subsequently pled guilty to possession of a controlled substance.

On September 11, 2001, Ronald J. Popper, the Air Traffic Manager of the Southern California Radar Approach Control, issued a notice of proposed removal, proposing to remove Mr. Baker for "Off-Duty Use of a Controlled Substance." In the notice, however, Mr. Popper also stated:

> Consideration will . . . be given to your willingness to participate in and successfully complete a FAA-approved Substance Abuse Rehabilitation/Treatment Program and your agreement to abide by the conditions of that program

and any other conditions of rehabilitation that I may subsequently submit to you.

The memorandum further stated that if Mr. Baker was willing to participate in and successfully complete the rehabilitation/treatment program, he had three days to schedule an assessment and to sign an information release authorization.

The FAA was required to offer Mr. Baker the opportunity for rehabilitation/treatment. According to Department of Transportation Order 3910.1C ("Order 3910.1C"), the FAA is required to maintain a rehabilitation program for its employees. In addition, any removal of an employee for a first instance of off-duty drug use is to be held in abeyance while the employee is offered a conditional opportunity for rehabilitation. Order 3910.1C states in relevant part:

> OPPORTUNITY FOR REHABILITATION. When it has been determined, for the first time, that an employee has violated a prohibition of off-duty illegal drug use or off-duty alcohol misuse, covered by this order . . . , it is the responsibility of management to direct the employee to the EAP. The employee shall be given an opportunity, following initial counseling, to enter a substance abuse rehabilitation program as may be deemed appropriate, by the EAP manager or coordinator. . . .

Order 3910.1C, ch. VII, para. 2 (Dec. 28, 1994). The order further provides as follows:

> Successful completion. An employee who successfully completes his or her rehabilitation program shall not be subject to disciplinary action as a result of the first determination of either off-duty illegal drug use or off-duty alcohol misuse. If an employee refuses to enter a rehabilitation program or fails to successfully complete a rehabilitation program, the provisions of Chapter IX (Disciplinary Action) shall be used for guidance.

Id., ch. VII, para. 2(b).

04-3370                                                     3

Chapter IX provides in relevant part:

> <u>Refusal to enter or successfully complete a substance abuse rehabilitation program</u>.  The agency shall initiate action to *remove* a covered employee, or initiate appropriate disciplinary action against an employee in a non-TDP, up to and including removal, who refuses to enter or fails to successfully complete counseling or a rehabilitation program under the EAP.  A determination that the employee has failed rehabilitation, may be made on the basis of off-duty drug or alcohol-related misconduct, or the employee not adhering to the terms of the rehabilitation plan.

Id., ch. IX, para. 1(i) (Dec. 28, 1994).

On September 17, 2001, Mr. Baker expressed an interest in accepting the agency's offer of rehabilitative treatment, and during October 2001, he participated in a substance abuse assessment sponsored by the Employee Assistance Program ("EAP"). On December 17, 2001, Mr. Baker signed an EAP Abuse Rehabilitation/Treatment Plan ("EAP agreement").  Consistent with Order 3910.1C, the EAP agreement stated that "[f]ailure to comply with the requirements of this Rehabilitation/Treatment Plan will result in further action by the Agency to remove you from Federal service."

On January 4, 2002, Mr. Baker was admitted to an in-patient treatment program at the Sharp Vista Pacifica Hospital in San Diego, California, a facility approved by the FAA.  Mr. Baker made progress while in the program and, within thirty days, he was transferred within the hospital to an out-patient treatment program.  However, the agency alleges that after he had been away from treatment on February 4 and 5, Mr. Baker tested positive for methamphetamine during a routine drug screening.  The agency also alleges that Jeffrey Jones, Mr. Baker's primary counselor at Vista Pacifica, confronted him about the test results, at which point Mr. Baker admitted that he had used methamphetamine and stated that he had received the substance from another

patient at Vista Pacifica. Mr. Baker was subsequently discharged from Vista Pacifica for violation of several rules: "use of drugs, obtaining drugs on the program premises and not reporting the fact that drugs were available and being offered within the milieu."

The agency issued Mr. Baker a Notification of Non-Compliance on March 1, 2002. The notification stated that Mr. Baker was in non-compliance with his rehabilitation/treatment program because, among other things, he had been discharged from Vista Pacifica. In his response to the notification, dated March 3, 2002, Mr. Baker expressed concerns about the drug testing procedures at Vista Pacifica, stating:

> There [sic] procedures were not even close to the procedures the FAA uses. Certain people they watch when providing a sample and others they don't even go into the bathroom with. They do not use sealed containers. They do not measure the temperature. They do not have or use a chain of custody. Samples are stored in a refrigerator overnight with fairly easy access by all staff and resident patients. The lab is not located at the rehab facility so samples are picked up and delivered by teenage drivers who do not sign for them. There is no way of knowing weather [sic] or not a sample has been tampered with. The lids can be easily and undetectably be swapped from one sample to another making it impossible to know for sure whose sample it is.

Mr. Baker also asserted as follows:

> I was . . . told by my counselor if I did not admit to using drugs then he was going to terminate my Rehab at Vista Pacifica. I did not know what to do so I made up a story about getting drugs from a patient they had previously terminated. . . . The truth is I never got any drugs from anyone at Vista Pacifica nor did I provide drugs to anyone.

On March 12, 2002, Mr. Popper issued a letter to Mr. Baker informing him that he was being removed from his position effective March 14, 2002. The letter first referred to Mr. Baker's proposed removal on September 11, 2001, for off-duty use of a controlled

substance. It then recited Mr. Baker's signing the EAP agreement on December 17, 2001, his entry into the rehabilitation/treatment program at Vista Pacifica on January 4, 2002, his subsequent receipt of the Notification of Non-Compliance, his response to the notification, his meeting with Mr. Popper in the company of his union representative, and his denial of drug use and his contention that he had admitted to drug use only to avoid what he perceived to be certain termination from the rehabilitation/treatment program. Mr. Popper concluded:

> I have given full consideration to your written and oral responses. However, I find that the reason and specification cited in the letter of proposed removal are supported by the evidence and warrant your removal to promote the efficiency of the service. Therefore, it is my decision that you be removed from the [FAA] effective March 14, 2002.

## II.

Mr. Baker timely appealed his removal to the Board. Before the Board, Mr. Baker urged that: (1) the agency committed harmful procedural error by removing him for failure to complete the rehabilitation/treatment program without first issuing a second notice of proposed removal; (2) the agency committed harmful procedural error by not allowing him to complete a meaningful rehabilitation/treatment program as required by Order 3910.1C; (3) his removal from the rehabilitation/treatment program was invalid; (4) the chains of custody for the blood and urine specimens taken from him in January 2001 were defective; and (5) his removal a few months before his retirement was too harsh given the circumstances of his employment.

On February 26, 2003, the Administrative Judge ("AJ") to whom the appeal was assigned issued an initial decision affirming the agency's removal action. Baker v. Dep't

of Transp., No. SF-0752-02-0369-I-2 (M.S.P.B. Feb. 26, 2003) ("Initial Decision"). The AJ held that the agency did not commit harmful procedural error by failing to issue a second notice of proposed removal to Mr. Baker. Initial Decision, slip op. at 7. In so holding, the AJ relied on the fact that Mr. Baker stipulated during the Board proceedings that the only charge in the Notice of Proposed Removal was his off-duty use of a controlled substance. The AJ therefore reasoned that Mr. Baker's discharge from Vista Pacifica could not have been a charge underlying his removal from the agency. Id. The AJ also held that the private program provider's decision to discharge Mr. Baker did not constitute harmful procedural error on the part of the agency. Id., slip op. at 8. Finding that it was unnecessary to address the specific merits of Mr. Baker's claim that he was improperly discharged from Vista Pacifica, the AJ stated:

> There is no evidence, nor has there been any suggestion, that Vista Pacifica was not an appropriate or accredited substance abuse rehabilitation program. Nor is it disputed that the agency in this case appropriately permitted, and assisted, the appellant's enrollment in that program, under the provisions of its Order, or that it had any control over the nature of success or his participation in that program.

Id. The AJ further stated: "I find that the private rehabilitation program provider's decision to discharge the appellant did not constitute harmful procedural error on the part of the agency, and that, therefore, and for the reasons stated above, the specific merits of that discharge are not at issue in this appeal." Id. In other words, the AJ reasoned that because the FAA had not been involved in Mr. Baker's discharge from Vista Pacifica, the discharge did not constitute agency action. Accordingly, the AJ concluded that Mr. Baker's challenge to his discharge from Vista Pacifica was a matter not properly before him on appeal.

04-3370                                                      7

Finally, noting that Mr. Baker had submitted a "Limited Waiver of Hearing" waiving his right to a hearing "regarding the penalty of removal for alleged off-duty use of a controlled substance on or about January 21, 2001," the AJ determined: (1) the agency presented preponderant evidence in support of the charge of off-duty use of a controlled substance; (2) there was a nexus between Mr. Baker's off-duty use of a controlled substance and the efficiency of the service; and (3) removal for the offense was reasonable. Id., slip op. at 9, 15. The Initial Decision became the final decision of the Board on May 25, 2004, after the Board denied Mr. Baker's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from the decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Mr. Baker does not dispute that he used methamphetamine in January 2001. Neither does he dispute that his use of the drug constituted off-duty misconduct for which the agency properly proposed his removal in September of 2001. Rather, Mr. Baker contends that his removal was tainted by harmful procedural error, both at the agency level and before the Board. As far as the agency is concerned, he argues that the FAA failed to give him a notice of proposed removal stating that he was

being removed for failure to complete the rehabilitation/treatment program. Relatedly, he contends that the agency failed to give him the required opportunity for rehabilitation because he was improperly removed from the program. As far as the Board is concerned, Mr. Baker argues that, because it was his discharge from the rehabilitation program that triggered his removal, it was harmful error for the Board not to consider his challenge to the discharge. We address these contentions in turn.

I.

Mr. Baker's first argument is that the Board erred in holding that the agency was not required to send a second notice of proposed removal based on his alleged failure to complete the substance abuse treatment program. Mr. Baker asserts that the agency failed to "initiate" a removal action as required by DOT Order 3910.1C, which states:

> <u>Refusal to enter or successfully complete a substance abuse rehabilitation program</u>. The agency shall initiate action to *remove* a covered employee, or initiate appropriate disciplinary action against an employee in a non-TDP, up to and including removal, who refuses to enter or fails to successfully complete counseling or a rehabilitation program under the EAP. A determination that the employee has failed rehabilitation, may be made on the basis of off-duty drug or alcohol-related misconduct, or the employee not adhering to the terms of the rehabilitation plan.

Order 3910.1C, ch. IX, para. 1(i) (Dec. 28, 1994). Mr. Baker also points to <u>Alfaro v. DOT</u>, 16 M.S.P.R. 628 (1983), and <u>Brooks v. FAA</u>, 18 M.S.P.R. 178 (1983), for the proposition that an agency cannot remove an employee on the basis of charges that might have been, but were not, made.

The government responds that Mr. Baker's discharge from Vista Pacifica and his failure to complete the rehabilitation/treatment program were not the reasons for his removal. The government asserts that an agency may choose to hold an employee's

removal in abeyance pending the employee's attempts at rehabilitation, without being forced to issue a second notice of proposed removal. The government relies on Girani v. Federal Aviation Administration, 924 F.2d 237 (Fed. Cir. 1991), in which the FAA proposed to remove Girani from his position as an Air Traffic Controller because of off-duty cocaine use. The agency agreed to delay his removal pending successful completion of a rehabilitation program under a "last chance" agreement.[1] Id. at 239. The FAA warned Girani that the program would be his "one opportunity for rehabilitation as provided in the [FAA's] substance abuse policy." Id. Girani was later convicted of driving under the influence and was removed from his position because he breached the requirements of his rehabilitation program. After the Board sustained his removal, id. at 241, Girani appealed to this court. On appeal, he argued that the FAA had violated the Civil Service Reform Act by removing him for alcohol consumption despite the fact that the agency never issued a notice of proposed removal based upon that charge. Id. We rejected the argument, characterizing it as

> based on the faulty premise that alcohol consumption was a
> separate disciplinary charge against him, therefore entitling
> him to a new notice of proposed removal and all of the other
> procedural safeguards of [5 U.S.C. § 7513(b).][2]  Alcohol

---

[1]      In a last chance agreement, the agency promises to hold a proposed removal in abeyance as long as the employee abstains from proscribed conduct and the employee generally agrees to forego the right to challenge the removal. See, e.g., Gilbert v. Dep't of Justice, 334 F.3d 1065 (Fed. Cir. 2003).

[2]      Section 7513(b) provides:

(b) An employee against whom an action is proposed is entitled to--

(1) at least 30 days' advance written notice, unless there is
reasonable cause to believe the employee has committed a
crime for which a sentence of imprisonment may be imposed,
stating the specific reasons for the proposed action;

use, however, was not a separate charge, but was merely the evidence relied on by the FAA to demonstrate that petitioner had breached the "last chance" agreement. . . . [T]he requirement that petitioner abstain from all alcohol consumption was "not a new charge but rather a contingency," and his admitted failure to so abstain entitled the FAA to remove him without having to repeat compliance with [5 U.S.C. § 7513(b).]

Id. at 241-42 (citing Walton v. Dep't of the Navy, 24 M.S.P.R. 565, 569 (1984)).

The reasoning of Girani applies here. Mr. Baker's failure to complete the rehabilitation/treatment program was not a separate charge upon which the agency relied in order to remove him. Instead, Mr. Baker's discharge from Vista Pacifica was merely the event that triggered the agency's decision to proceed with the removal action originally proposed in September of 2001. Accordingly, we conclude that Mr. Baker was not entitled to a new notice of proposed removal.[3]

II.

Mr. Baker's second argument on appeal is that the AJ committed harmful procedural error when he failed to consider Mr. Baker's challenge to his discharge from Vista Pacifica. As noted, the AJ stated that "the specific merits of that discharge" were

---

(Cont'd. . . .)

> (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;
> (3) be represented by an attorney or other representative; and
> (4) a written decision and the specific reasons therefor at the earliest practicable date.

[3]     It appears undisputed that, whether or not he was entitled to a notice of proposed removal, Mr. Baker was given the opportunity to respond to the Notification of Non-Compliance and was afforded representation in the form of his union representative. In addition, Mr. Popper's letter of March 12, 2002, plainly provided Mr. Baker with a timely written decision giving the reason for his removal pursuant to the September 11, 2001 notice, namely, failure to comply with the requirements of the EAP agreement.

"not at issue in [the] appeal." Initial Decision, slip op. at 8. In making this argument, Mr. Baker relies upon the requirement of Order 3910.1C that "[a]n employee who successfully completes his or her rehabilitation program shall not be subject to disciplinary action as a result of the first determination of either off-duty illegal drug use or off-duty alcohol misuse." Order 3910.1C, ch. VII, para. 2b. In addition, he points to the portion of the Notice of Proposed Removal which states that "[c]onsideration will also be given to your willingness to participate in and successfully complete a FAA-approved Substance Abuse Rehabilitation/Treatment Program."

The government responds that the Board correctly determined that the agency fulfilled its obligation to provide a meaningful opportunity for rehabilitation based on the following factors: (1) there is no evidence that Vista Pacifica was not an appropriate or accredited substance abuse rehabilitation program; (2) the agency assisted Mr. Baker's enrollment in the rehabilitation program; and (3) the agency had no control over the nature or success of Mr. Baker's participation in the rehabilitation program. The government also argues that the EAP agreement did not obligate the agency to retain Mr. Baker if he successfully completed a rehabilitation program. According to the government, because Mr. Baker and the FAA did not enter into a so-called "last chance agreement," Mr. Baker's participation in the rehabilitation/treatment plan was merely a potential mitigating factor in the agency's deliberations regarding whether to remove him. Under these circumstances, the government contends, the AJ was not required to consider Mr. Baker's challenge to the propriety of his discharge from Vista Pacifica.

We begin our analysis by observing that Order 3910.1C states that an employee who has engaged in off-duty drug use for the first time "shall be given an opportunity . . .

04-3370                                12

to enter a substance abuse rehabilitation program as may be deemed appropriate," id. ch. VII, para. 2, and that "[a]n employee who successfully completes his or her rehabilitation program shall not be subject to disciplinary action as a result of the first determination of either off-duty illegal drug use or off-duty alcohol misuse," id., ch. VII, para. 2b. Finally, the EAP agreement that Mr. Baker signed on December 17, 2001, stated that it was in accordance with Order 3910.1C. Thus, Mr. Baker's successful completion of the rehabilitation/treatment program at Vista Pacifica would have entitled him to retain his position at the FAA.[4] Under these circumstances, we think that it was harmful error for the AJ to not consider Mr. Baker's challenge to the propriety of his discharge from Vista Pacifica. Order 3101.1C required that the agency not discipline Mr. Baker if he successfully completed the rehabilitation/treatment program at Vista Pacifica, and it was Mr. Baker's discharge from Vista Pacifica that triggered the agency's action to remove Mr. Baker in accordance with the September 11 notice of proposed removal. Mr. Baker raised numerous issues before the Board concerning the propriety of his discharge from Vista Pacifica, including the validity of the urine test results and his "admission" coerced by threat of expulsion. Mr. Baker is entitled to have

---

[4] The government is correct that the EAP agreement itself did not obligate the agency to retain Mr. Baker if he successfully completed the rehabilitation/treatment program. In addition, we recognize that when the agency offered Mr. Baker the option of entering the program, it merely stated that "[c]onsideration" would be given to his "willingness to participate in and successfully complete" the program. The fact remains, however, that Order 3910.1C clearly states that a first-time offender who successfully completes a rehabilitation program will not be disciplined for his or her off-duty drug use. The agency was bound by the order. See United States ex. Rel. Accardi v. Shaughnessy, 347 U.S. 260, 267-68 (1954) (holding that the government is bound by its own regulations "as long as the regulations remain operative"); Tunik v. Merit Sys. Prot. Bd., 407 F.3d 1326, 1341 (Fed. Cir. 2005); Am. Fed'n of Gov't Employees v. Fed. Labor Relations Auth., 777 F.2d 751, 759 (D.C. Cir. 1985) ("[U]nless and until it amends or repeals a valid legislative rule or regulation, an agency is bound by such a rule or regulation." (citing United States v. Nixon, 418 U.S. 683, 695-96 (1974))).

his claim of invalid discharge considered. We therefore reverse the decision of the Board and remand for further proceedings.

On remand, before addressing the merits of Mr. Baker's claim concerning his discharge from Vista Pacifica, it will be necessary for the Board to consider the burden of proof. Specifically, does Mr. Baker have the burden of establishing by a preponderance of the evidence that his discharge was improper, or does the agency have the burden of establishing by a preponderance of the evidence that the discharge was proper? We have held that, in cases involving last-chance agreements, the employee has the burden of establishing that he or she did not breach the agreement. See, e.g., Gilbert, 334 F.3d 1070. Typically, however, in a last chance agreement, in exchange for a removal action being held in abeyance by the agency, the employee waives the right to appeal the removal if the removal is reinstated following a breach of the agreement by the employee. Id. Consequently, because a voluntary waiver of appeal rights divests the Board of jurisdiction, id., we have held that to establish Board jurisdiction, the employee has the burden of proving that he or she did not breach the agreement, id. We think, however, that this case differs from the typical last-chance agreement case in two significant respects. First, the EAP agreement was pursuant to Order 3910.1C, in accordance with which the agency would not discipline Mr. Baker if he successfully completed the Vista Pacifica rehabilitation/treatment program. Second, the EAP agreement did not contain a waiver of appeal rights. Having made this observation, we leave it to the Board on remand to determine in the first instance, after receiving the views of the parties, who bears the burden of proof on the discharge issue, Mr. Baker or the agency.

CONCLUSION

The decision of the Board sustaining the agency's removal of Mr. Baker from his position at the FAA based on off-duty use of a controlled substance is reversed.  The case is remanded to the Board for further proceedings, consistent with this opinion, on the propriety of Mr. Baker's discharge from the rehabilitation/treatment program which he entered pursuant to the EAP agreement.

<u>REVERSED</u> and <u>REMANDED</u>