# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBBIE L. CARGILE,
                Appellant,

      v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBERS
CH-0752-14-0056-I-2
CH-752S-13-2680-I-2

DATE: October 3, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Stephen T. Fieweger, Davenport, Iowa, for the appellant.

Eric J. Teegarden, Esquire, Fort McCoy, Wisconsin, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which reversed the appellant's 15-day suspension and mitigated her removal to a 14-day suspension. For the reasons discussed below, we GRANT the cross petition for review and REMAND the case

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to the Central Regional Office for further adjudication in accordance with this Remand Order. We find that a ruling on the petition for review would be premature at this time.

## BACKGROUND

¶2    At all times relevant to this appeal, the appellant was a Human Resources Specialist, GS-0201-09, at the agency's Rock Island Arsenal in Rock Island, Illinois. *Cargile v. Department of the Army*, MSPB Docket No. CH-0752-14-0056-I-1, Initial Appeal File (0056 IAF), Tab 6, Subtabs 4a, 4j, 4n. On August 20, 2012, the agency proposed to suspend the appellant for 14 days on charges of failure to follow directives and negligent performance of duties. *Id.*, Subtab 4r. The appellant was provided an opportunity to respond in person and/or in writing within 7 days after receipt of the proposal. *Id.* On August 31, 2012, the agency amended the proposal notice to add a charge of conduct unbecoming a Federal employee, and the appellant was provided an additional 4 days to respond. *Id.*, Subtab 4q. The appellant provided a supplemental written response on September 5, 2012, and on September 28, 2012, the agency issued a decision to suspend the appellant for 14 days. *Id.*, Subtab 4p.

¶3    The appellant filed a grievance, and the agency granted partial relief, requiring her to serve 6 days of the suspension, beginning October 22, 2012, and holding the remainder in abeyance pending the successful completion of a 90-day detail. *Id.*, Subtab 4o. The detail began December 3, 2012, and was subsequently extended for another 90 days. *Id.*, Subtabs 4k, 4m. By memorandum dated June 14, 2013, the agency informed the appellant that her performance on the detail was less than successful and that she would therefore serve the remainder of her suspension, beginning June 17, 2013. *Id.*, Subtab 4k. The parties have stipulated that, due to administrative error, the two periods of suspension combined for a total of 15 calendar days. Hearing Transcript (HT) at 30 (statement of the administrative judge). It is undisputed that the agency did not

provide the appellant with notice of Board appeal rights as to the suspension action, either in the September 28, 2012 decision letter or the June 14, 2013 memorandum that reinstated the unserved portion of the suspension. HT at 30-32 (testimony of the proposing official); 0056 IAF, Tab 6, Subtabs 4k, 4p.

¶4 On August 1, 2013, the agency proposed to remove the appellant on a charge of negligent performance of duty, supported by 10 specifications. 0056 IAF, Tab 6, Subtab 4h. The appellant responded orally and in writing. *Id.*, Subtabs 4d-4g. The deciding official sustained 8 of the 10 specifications, and on September 26, 2013, he notified the appellant of his decision to sustain the proposed removal. *Cargile v. Department of the Army*, MSPB Docket No. CH-752S-13-2680-I-1, Initial Appeal File (2680 IAF), Tab 26. The appellant was removed effective September 27, 2013. 0056 IAF, Tab 6, Subtab 4a.

¶5 The appellant filed appeals of the suspension and removal actions. 2680 IAF, Tab 1; 0056 IAF, Tab 1. The appeals were joined for hearing purposes, and the administrative judge conducted a hearing on July 25, 2014. HT at 4. Both appeals were dismissed without prejudice and automatically refiled. *Cargile v. Department of the Army*, MSPB Docket No. CH-752S-13-2680-I-2, Refiled Appeal File (2680 RAF), Tabs 1-2; *Cargile v. Department of the Army*, MSPB Docket No. CH-0752-14-0056-I-2, Refiled Appeal File (0056 RAF), Tabs 1-2.

¶6 On May 16, 2016, the administrative judge issued an initial decision covering both appeals. 2680 RAF, Tab 7; 0056 RAF, Tab 6, Initial Decision (ID). The administrative judge found that the Board had jurisdiction over the 15-day suspension and reversed it on due process grounds, citing the agency's failure to provide notice of Board appeal rights. ID at 4-5.[2] Having reversed the

---

[2] Although the agency did not raise the issue of timeliness, the administrative judge found that the suspension appeal was timely filed because the appellant was diligent in filing her appeal after she determined she could do so. ID at 5 n.7 (citing *Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 17 (2005)). We discern no error in that finding, and the agency has not challenged it on review.

suspension on that basis, the administrative judge did not address the appellant's claim that the agency committed harmful procedural errors concerning that action. ID at 4 n.5. As to the removal action, the administrative judge sustained the charge of negligent performance of duties but found that three of the specifications sustained by the deciding official, labeled as specifications (2)(b)(1) through (3), amounted to double punishment because they concerned the appellant's performance during the detail, which was in turn the basis for the agency's decision to reinstate the suspension. ID at 6-8. The administrative judge further found that, in light of the deciding official's testimony that he would not have removed the appellant had she previously not been suspended, it was appropriate to mitigate the removal penalty to a 14-day suspension. ID at 9-10.[3] Accordingly, the administrative judge ordered the agency to: (1) cancel the 15-day suspension; (2) cancel the removal and replace it with a 14-day suspension without pay; and (3) provide appropriate back pay and benefits. ID at 14-15. She further ordered the agency to provide interim relief in accordance with 5 U.S.C. § 7701(b)(2)(A) in the event either party filed a petition for review. ID at 15-16. The administrative judge indicated that the initial decision would become the final decision of the Board on June 20, 2016, unless a petition for review was filed by that date. ID at 17; *see* 5 C.F.R. § 1201.114(e).

¶7    The appellant filed a timely petition for review on May 20, 2016. *Cargile v. Department of the Army*, MSPB Docket No. CH-0752-14-0056-I-2, Petition for Review (PFR) File, Tab 1. In her petition, the appellant contends that, based on the agency's table of penalties, the administrative judge should have further mitigated the removal penalty to a 1-day suspension. *Id.* at 4-5. In its cross petition for review, filed on June 16, 2016, the agency contends that the administrative judge erred in: (1) reversing the 15-day suspension on due process grounds; (2) not sustaining specifications (2)(b)(1) through (3); and (3) mitigating

---

[3] The administrative judge made additional findings regarding the appellant's affirmative defenses. *Infra* n.5.

the removal penalty.  PFR File, Tab 4.  The parties dispute whether the agency has complied with the interim relief order, and the appellant has requested that the Board dismiss the agency's cross petition for failure to comply with that order.[4]  PFR File, Tabs 6-7, 9.

## ANALYSIS

<u>Interim Relief</u>

¶8    With exceptions not applicable here, an appellant who obtains relief in an initial decision is entitled to the relief provided in the decision effective upon the making of the decision and remaining in effect pending the outcome of the petition for review.  5 U.S.C. § 7701(b)(2)(A).  If an agency files a petition or cross petition for review and has not provided the interim relief ordered, the appellant may request dismissal of the agency's petition or cross petition. 5 C.F.R. § 1201.116(d).  In such circumstances, the Board has discretion to dismiss the agency's petition pursuant to 5 C.F.R. § 1201.116(e).

¶9    Here, the record reflects that the agency reinstated the appellant effective May 16, 2016, the date of the initial decision.  PFR File, Tab 7 at 11.  The agency asserts that it directed her to return to work on June 6, 2016, but that she was not

---

[4] On October 19, 2018, the appellant filed a motion to dismiss the cross petition for review as untimely filed without a showing of good cause.  PFR File, Tab 11.  She correctly observes that the agency failed to file its cross petition within 25 days of the date of service of her petition for review, as required under 5 C.F.R. § 1201.114(e), and that the agency did not comply with the Clerk of the Board's instruction to provide a motion showing good cause for the filing delay, as required under 5 C.F.R. § 1201.114(g).  *See* PFR File, Tab 5.  We note, however, that the agency did file its cross petition before the June 20, 2016 finality date set forth in the initial decision.  ID at 17; *see* 5 C.F.R. § 1201.114(e).  Thus, had the appellant not already filed a petition for review, the agency's June 16, 2016 pleading would have been timely.  Instead, the swift filing of the appellant's petition for review contracted the regulatory time period for the agency to contest the initial decision.  We find that it would be contrary to the spirit of 5 C.F.R. § 1201.114(e) to dismiss the agency's cross petition under these circumstances.  While we do not excuse the agency's failure to comply with the Clerk's instructions, we nonetheless exercise our discretion under 5 C.F.R. § 1201.114(g) to find good cause for the untimely filing.

available to work on that date, as she had to give notice to her current employer. *Id.* at 4-5, 19-20. As a result, the agency explains, the appellant was in paid administrative leave status from May 16 through June 3, 2016, then placed in leave without pay status beginning June 6, 2016, and eventually returned to pay status on June 20, 2016, when she reported to work. *Id.* at 5, 12. However, the appellant asserts that the agency did not pay her for the period from May 16 through June 6 or 10, 2016. PFR File, Tabs 6, 9. She also objects that she received an interim rather than a permanent appointment. PFR File, Tab 9. Based on our review of the evidence, we find that the agency has provided the interim relief required under 5 U.S.C. § 7701(b)(2)(A). Accordingly, we deny the appellant's motion to dismiss the agency's cross petition.

15-Day Suspension

¶10    The administrative judge reversed the 15-day suspension based on her finding that the agency violated the appellant's due process rights by failing to inform her of her right to appeal the suspension with the Board. ID at 5. We agree with the agency that this was an error. An agency's failure to provide information on Board appeal rights may excuse a late-filed Board appeal, but it does not constitute a due process violation that would warrant reversal of the action. *Porter v. Department of Defense*, 98 M.S.P.R. 461, ¶ 36 (2005).

¶11    Moreover, we find that the agency did not otherwise deny the appellant due process in imposing the 15-day suspension. The record shows that the agency provided the appellant written notice of the proposed suspension, setting forth the specific reasons for the action and affording her 7 days to respond. 0056 IAF, Tab 6, Subtab 4r. When the agency later amended the proposal notice to add an additional charge, it explained in detail the basis for the new charge and provided the appellant an additional 4 days in which to respond. *Id.*, Subtab 4q. Although the 4-day response period was less than the 7 days required under 5 U.S.C. § 7513(b)(1), it was not unreasonably short, and the deciding official considered the supplemental written response the appellant provided the day after the

deadline. *Id.*, Subtab 4p. We find, under these circumstances, that the agency afforded the appellant due process because she received notice of the action against her, an explanation of the reasons for the action, and an opportunity to present her response. *Pollak v. Department of the Treasury*, 99 M.S.P.R. 187, ¶ 9 (2005); *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).

¶12      We further find that the agency did not deny the appellant due process in reinstating the portion of her suspension that had been held in abeyance pending the completion of her detail. The appellant argued below that she was denied due process because she was not afforded an opportunity to address the "charge" that her performance on the detail was not adequate. 2680 IAF, Tab 33 at 8. However, the requirement that the appellant successfully complete the detail to be relieved of the unserved portion of the suspension did not constitute a new charge, but rather a contingency, and the agency was not obliged to conduct a new adverse action proceeding to impose that requirement. *See Girani v. Federal Aviation Administration*, 924 F.2d 237, 241-42 (Fed. Cir. 1991); *Walton v. Department of the Navy*, 24 M.S.P.R. 565, 569 (1984). As discussed above, the appellant did receive due process regarding the charges underlying the suspension action as a whole. Moreover, to the extent the appellant may have had a due process right to notice of the basis for the reinstatement of the suspension, the agency provided the required notice by informing her that her performance on the detail was considered less than successful. 0056 IAF, Tab 6, Subtab 4k; *see Lizzio v. Department of the Army*, 534 F.3d 1376, 1383-84 (Fed. Cir. 2008).

¶13      Because the administrative judge erroneously reversed the 15-day suspension on due process grounds, she did not address the merits of the agency's charges or the appellant's claims of harmful procedural error.[5] *See* ID at 4 n.5;

---

[5] The administrative judge found, as to both the 15-day suspension and the removal action that the appellant did not establish her claims that the agency discriminated against her on the bases of age and sex and engaged in reprisal for her prior equal

2680 IAF, Tab 33. Whether the suspension should be sustained or reversed in whole or in part on grounds other than due process will turn on findings of fact and credibility determinations, which the administrative judge is in the best position to make in the first instance. We therefore remand the appeal for further adjudication.

Removal

¶14    In analyzing the charge of negligent performance of duties, the administrative judge found that specifications (2)(b)(1) through (3) could not be sustained because they concerned the appellant's performance while on detail, and her allegedly unsatisfactory performance during that detail was the basis for the agency's decision to reinstate the unserved portion of the suspension. ID at 6-7. We agree with the agency that the administrative judge erred on this point and that specifications (2)(b)(1) through (3) do not constitute impermissible double punishment.

¶15    It is a well-established principle of civil service law that an agency may not discipline an employee twice for the same misconduct that formed the basis of a prior disciplinary or adverse action when imposing a subsequent disciplinary or adverse action. *Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, ¶ 6 (2015). In this case, however, the 15-day suspension action was based entirely on incidents that occurred before the appellant's detail. 0056 IAF, Tab 6, Subtabs 4p-4r. Furthermore, while the unserved portion of the suspension was reinstated based on the agency's determination that her performance on the detail was less than satisfactory, that determination was not itself a charge underlying the suspension. *See Girani*, 924 F.2d at 241-42; *Walton*, 24 M.S.P.R. at 569. Thus, the prohibition against double punishment does not apply to specifications (2)(b)(1) and (3).

---

employment opportunity activity. ID at 11-14. The appellant does not challenge these findings on review, and we discern no error in the administrative judge's determination.

¶16      As to the remaining specifications, the administrative judge found below that the agency proved the specifications listed under paragraph (2)(a) and 2(c) of the proposal notice, and the appellant has not challenged that finding on review. ID at 7-8; 0056 IAF, Tab 6, Subtab 4h.  These specifications alone are sufficient to sustain the charge.  *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990).  Nonetheless, it is possible that the agency's success or failure in proving specifications (2)(b)(1) through (3) may be relevant to the penalty analysis.  *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 651 (1996) (holding that an agency's failure to sustain all of its supporting specifications may require, or contribute to, a finding that the agency's penalty is not reasonable).  Accordingly, on remand, the administrative judge should make a new finding on the merits of specifications (2)(b)(1) through (3), without reference to the prohibition against double punishment.

¶17      Regarding the removal penalty, the administrative judge found that mitigation was appropriate based on the deciding official's testimony that he would not have removed the appellant had she not previously served the 15-day suspension.  ID at 10.  We find the deciding official's statement on this point was clear and unambiguous.  HT at 78 (testimony of the deciding official).  However, for the reasons discussed above, we are remanding the case for a new finding on the merits of the 15-day suspension.  Hence, it is not yet clear whether and to what extent the deciding official's testimony may be applicable.  For the same reason, we cannot yet determine if the appellant is correct in her contention that the misconduct underlying the removal action should be considered as a first offense under the agency's table of penalties.[6]  Moreover, as discussed above, it

---

[6] In the notice of proposed removal and decision letter, the agency noted that the appellant also had received an official written reprimand, dated September 1, 2011, concerning similar performance issues.  0056 IAF, Tab 6, Subtabs 4h, 4u; 2680 IAF, Tab 26.  However, by its terms, the written reprimand was to be retained in the appellant's official personnel folder "as a matter of temporary record for a period of two years."  0056 IAF, Tab 6, Subtab 4u.  That 2-year period expired before the

has yet to be determined whether specifications (2)(b)(1) through (3) of the negligent performance of duties charge should be sustained. Accordingly, the administrative judge should resolve these issues and conduct a new penalty analysis on remand.

## ORDER

¶18     For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should make new findings on the merits of the 15-day suspension and the appellant's defense of harmful error as those claims pertain to that suspension. In addition, the administrative judge should make new findings on specifications (2)(b)(1) through (3) of the negligent performance of duties charge and conduct a new penalty analysis as appropriate.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

appellant's removal on September 27, 2013, and the Board has long held that an agency may not rely on disciplinary actions that have expired by their terms or by law, rule, or regulation. *See, e.g.*, *Hyatt v. Department of the Army*, 30 M.S.P.R. 256, 260, *aff'd*, 809 F.2d 791 (Fed. Cir. 1986) (Table).