NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3113

PAUL J. COMPTON,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

———————————————

DECIDED:  October 10, 2006

———————————————

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

Paul Compton petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming the Department of Justice's action of demoting him.  Because the Board's decision is supported by substantial evidence, we affirm.

BACKGROUND

The Department of Justice, Bureau of Prisons, (the "DOJ") proposed Compton's removal from his position of Computer Services Manager, GS-12/07, based on a charge of "Conduct Unbecoming of a Supervisor."  After receiving Compton's written and oral

responses to the proposal notice, T.C. Peterson, Warden, concluded that the charge was supported by the evidence, but mitigated the proposed sanction to a demotion to the position of Information Technology Specialist, GS-11/10, which took effect on August 24, 2004.

Compton appealed his demotion to the Board. In an initial decision, the administrative judge affirmed the DOJ's decision to demote Compton. Compton v. Dep't of Justice, DA0752040687-I-1 (M.S.P.B. Mar. 4, 2005) ("Initial Decision"). Compton filed a petition for review with the full Board. The administrative judge's initial decision became the final decision of the Board when the full Board denied the petition for review. Compton v. Dep't of Justice, DA0752040687-I-1 (M.S.P.B. Nov. 4, 2005). Compton timely appealed to this court. We have jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1).

## DISCUSSION

The scope of judicial review of Board decisions is narrowly defined and limited by statute. This court reviews the record and holds unlawful any "agency action, findings, or conclusions" found to be:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence; . . . .

5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Compton raises two issues on appeal: first, whether the Board erred when it affirmed the administrative judge's exclusion of evidence regarding the reliability of

breathalyzer testing; and second, whether the Board erred when it affirmed the administrative judge's determination that the decision to demote Compton was not excessive or contrary to the interest of the agency. With respect to the first issue, Compton asserts that the administrative judge's exclusion of his evidence pertaining to the reliability and validity of breathalyzer testing was in violation of the law and an abuse of discretion because the evidence excluded was relevant to the question of whether Compton was "intoxicated." With respect to the second issue, he asserts that the administrative judge's finding of a nexus between his conduct and the efficiency of the service is not supported by substantial evidence because, even in his allegedly intoxicated state, he was able to successfully restore the prison's computers after the power was restored. Lastly, he argues that because the prison policy is to choose the least severe punishment necessary to prevent the incident from recurring, and because in the past other employees had been disciplined by suspension rather than demotion, the penalty of demotion is excessive.

In a Memorandum of Conference Call and Order, the administrative judge "did not approve [Compton's] request for [a witness] to testify about the proper procedures for conducting a breathalyzer test because [Compton] was not disciplined for failing a breathalyzer test, but rather for conducting [sic] unbecoming a supervisor." Compton v. Dep't of Justice, DA0752040687-I-1 (M.S.P.B. Nov. 16, 2004). In the initial decision, the administrative judge stated that "appellant's suggestion that the breathalyzer test was not properly administered, or that the equipment had not been properly calibrated, does not belie the fact that the appellant consumed alcohol prior to reporting to the institution." Initial Decision, slip op. at 8. Further, the administrative judge did not rely

on the breathalyzer test results in affirming the DOJ's action, but rather found that Compton "consumed alcohol on the afternoon of April 24, 2004, and that, upon later reporting to the institution to perform the duties of his position, he displayed behavior that was unprofessional, including failing to respond to radio inquiries, falling asleep in his office, emitting the smell of alcohol about his person, slurring his speech, and being unsteady on his feet." Id. Further, the administrative judge concluded that Compton's behavior was unbecoming a supervisor and violated the agency's Standards of Employee Conduct (the "Standards").

The administrative judge's finding that Compton's conduct violated the Standards is clearly supported by substantial evidence and her decision to exclude his evidence with respect to breathalyzer testing did not amount to an abuse of discretion because it was not relevant to the specific conduct she relied on. While the Standards state that an employee "shall" be disciplined if found to have a blood alcohol level of 0.02 or greater while on duty, the Standards also specifically prohibit the "[u]se of alcoholic beverages or being under the influence of alcohol while on duty or immediately prior to reporting for duty[.]" It is undisputed that Compton consumed alcohol immediately prior to reporting for duty. Further, the Standards require that "employees . . . remain fully alert and attentive during duty hours" because "[i]nattention to duty in a correctional environment can result in escapes, assaults, and other incidents." It is undisputed that Compton failed to be alert and attentive, and the substantial evidence supports the administrative judge's finding that Compton was "reporting for duty." Therefore, his conduct was clearly prohibited by the Standards regardless of whether his blood alcohol level was equal to or greater than 0.02. Because substantial evidence supports the

administrative judge's finding that Compton's conduct was in violation of the Standards, the administrative judge did not abuse her discretion in excluding his proffered evidence on the accuracy and reliability of breathalyzer tests.[1]

Compton's second argument, that substantial evidence does not support a finding that the agency established a sufficient nexus between the conduct and the efficiency of the service, similarly fails. The record contains substantial evidence that Compton's conduct caused legitimate security concerns and caused his superiors to question his credibility and lose confidence in his ability to supervise. Further, it is undisputed that Compton's conduct required the attention of the associate warden and three other staff members, which prevented them from performing other duties. Therefore, substantial evidence supports the administrative judge's finding that the agency established a nexus between the conduct and the efficiency of service.

Finally, we do not find Compton's assertion that his penalty was excessive because others had been disciplined by suspension persuasive. Mr. Peterson testified that he considered suspension as a possible penalty, but that it would not have the desired corrective effect since it would have left Compton in a supervisory position. Further, Mr. Peterson appropriately considered the relevant factors from Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981). It also appears undisputed that the only practical effect of the demotion on Compton's work-related duties is that he is no longer a supervisor. Therefore, "in light of all the relevant factors," the DOJ's

---

[1] Unlike the facts in Baker v. Department of Transportation, 418 F.3d 1369 (Fed. Cir. 2005), upon which Compton relies in arguing that the administrative judge abused her discretion in excluding his breathalyzer evidence, substantial evidence exists without considering Compton's breathalyzer results to affirm the administrative judge's finding that his conduct was unbecoming of a supervisor.

"choice of penalty is [not] wholly unwarranted[.]" <u>See</u> <u>Guise v. Dep't of Justice</u>, 330 F.3d 1376, 1382 (Fed. Cir. 2003). Rather, substantial evidence supports the administrative judge's finding that the penalty was reasonable in light of the sustained charge.

Accordingly, because the Board's decision is supported by substantial evidence, we affirm.

No costs.