**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL J. ASHE,

      Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
PH-0752-14-0017-I-1

DATE: March 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Richard Heavey</u>, Esquire, Medfield, Massachusetts, for the appellant.

<u>Jonathan Smith</u>, Bedford, Massachusetts, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction based on a waiver of Board appeal rights in the last chance settlement agreement (LCSA) by which the parties resolved the appellant's prior removal. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In 2012, the agency removed the appellant, a former GS-10 Recreational Therapist, but returned him to duty several months later pursuant to an LCSA. Initial Appeal File (IAF), Tab 5 at 9 (Standard Form 50), 18-19 (LCSA), 20-21 (2012 removal notice). The LCSA provided that the agency would hold the removal in abeyance so long as the appellant did not commit any offense that would "normally" result in disciplinary action during a 2-year last chance period. *Id.* at 18. The appellant further agreed to waive his Board appeal rights if his removal was reinitiated due to a violation of the LCSA. *Id.*

¶3    On August 27, 2013, the agency reinitiated the appellant's removal on the ground that he had violated the LCSA by engaging in conduct that, individually or collectively, normally would result in disciplinary action when, on specified dates, he: (a) failed to follow instructions to relocate to a new office and to change his telephone extension; (b) failed to communicate important information

to another staff member in connection with an off-site patient trip; (c) failed to respond to two emails from his supervisor that explicitly requested a response; and (d) displayed in his office in plain view of visitors and patients an inappropriate calendar showing a woman posing in a suggestive manner and a synthetic skeleton. *Id.* at 10-11.

¶4  The appellant then filed a Board appeal. IAF, Tab 1. The administrative judge notified the appellant that the Board lacks jurisdiction over an action taken pursuant to an LCSA in which an appellant waives his Board appeal rights and that, in order to establish that the appeal rights waiver should not be enforced, an appellant must show either that: (1) he complied with the LCSA; (2) the agency materially breached the LCSA or acted in bad faith; (3) he did not voluntarily enter into the LCSA; or (4) the LCSA resulted from fraud or mutual mistake. IAF, Tab 2 at 2 (citing *Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995)). The appellant argued that he had not breached the LCSA and, therefore, the appeal rights waiver did not divest the Board of jurisdiction over his appeal. IAF, Tab 4. The administrative judge determined that the appellant had made a nonfrivolous allegation that he had complied with the LCSA and, as such, that he was entitled to a jurisdictional hearing. IAF, Tab 12 at 3. After holding a jurisdictional hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to prove compliance based on charges (b), (c), and the inappropriate calendar allegation of charge (d), which he sustained and found each normally would result in disciplinary action under the circumstances.[2] IAF, Tab 40, Initial Decision (ID).

¶5  The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On review, he argues that the administrative judge made numerous adjudicatory errors, including that he erred in finding that the

---

[2] The administrative judge did not sustain charge (a) or the part of charge (d) regarding the synthetic skeleton displayed in the appellant's office. ID at 4-6, 10-17. Hereinafter, reference to charge (d) relates only to the sustained portion of the charge.

appellant had violated the LCSA, and incorrectly dismissed the appeal for lack of jurisdiction.[3] PFR File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

<u>The administrative judge applied the correct burden of proof.</u>

¶6    The appellant argues that the administrative judge erred in sustaining the charges because the agency failed to prove that the charged conduct occurred, establish a nexus between the charged conduct and the efficiency of the service, or provide a legitimate reason for alleged disparate penalties imposed on the appellant and two coworkers. PFR File, Tab 1 at 14-22. We disagree with the appellant's assertion that the agency bears the burden of proof in this matter. In a traditional chapter 75 adverse action appeal, the agency bears the burden to support the adverse action by preponderant evidence. 5 U.S.C. § 7701(c)(1)(B); *Walker v. Department of the Army,* 102 M.S.P.R. 474, ¶ 4 (2006). However, where, as here, an appeal involves an action taken pursuant to an agreement in which the appellant has waived his Board appeal rights, the appellant—not the agency—must prove by preponderant evidence that he did not breach the agreement in order to invoke Board jurisdiction. *Gibson v. Department of Veterans Affairs*, 160 F.3d 722, 726 (Fed. Cir. 1998).

<u>The administrative judge correctly found that the appellant violated the LCSA.</u>

¶7    The LCSA expressly provides that if the appellant committed "*any* conduct offense that *normally* would result in disciplinary action in his position[,] includ[ing] any charge of Failure to Follow Instructions," he would be considered in violation of the LCSA and removed. IAF, Tab 5 at 18 (emphasis added).

---

[3] The appellant specifically argues that the administrative judge: (1) failed to adequately resolve credibility issues and was inconsistent in his application of the credibility determinations for the appellant's supervisor; (2) erred in his analysis of the charges; (3) erred in finding that the agency's evidence was sufficient to support the charges against him; (4) failed to give sufficient weight to the circumstances and mitigating factors surrounding each charge; and (5) failed to properly evaluate his arguments regarding disparate treatment. PFR File, Tab 1 at 5-6, 8-25.

Thus, the agency could remove the appellant for any single incident that *normally* would result in disciplinary action given the circumstances.[4] *See id.* For the reasons that follow, we find that the administrative judge correctly determined that charge (b), which alleged failure to communicate with a staff member, and the sustained part of charge (d), which alleged that the appellant displayed an inappropriate calendar in his office, each individually violated the LCSA and warranted his removal. *See* ID at 4-18. We note, however, that we have concerns about charge (c).[5] Because the removal is supported by charges (b) and (d), we will not consider charge (c) on review.

The administrative judge correctly sustained charges (b) and (d).

¶8    The appellant does not dispute that, as alleged by charge (b), he failed to communicate directly with the specified staff member regarding important information about an off-site patient trip, but insists that he believed slipping the monthly event calendar under her office door was sufficient to convey the necessary information, as he asserts it had been in the past. PFR File, Tab 1 at 15-16. However, the evidence shows that the only information on the calendar

---

[4] We agree with the administrative judge that the term "normally" is not ambiguous and should be interpreted in accordance with its plain meaning, i.e., synonymously with "usually," "ordinarily," "generally," and "most of the time." ID at 4.

[5] In the notice of removal, charge (c) alleged: "On or about June 7 and 13, 2013, your supervisor sent you an email requesting that you review a prospective work schedule and to respond accordingly; however you failed to provide any response to her." IAF, Tab 5 at 10. The evidence shows, however, that the appellant responded by email approximately 30 minutes after receiving the follow-up email on June 13. IAF, Tab 4, Subtab I. The administrative judge found that "this charge is not artfully drawn, but the gist of it is that appellant failed to timely respond to [his supervisor's] June 7th email message in which she asked employees to respond by close of business on June 12th." ID at 10. We note that the charge unambiguously alleges that the appellant failed to "provide any response," not that he failed to timely respond, to his supervisor's June 7, 2013 email. IAF, Tab 5 at 10. The Board must review the agency's decision solely on the grounds invoked by the agency and may not substitute what it considers to be a more appropriate basis for the agency's action. *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 7 (2010). In this case, it appears that the administrative judge may have materially reworded the charge in light of the evidence presented, which would be improper.

was the date, a time that presumably designated the departure time, and the description "Annual Gray's Beach Trip." IAF, Tab 4, Subtab G. The calendar clearly lacked relevant details, and we do not find the appellant's contention that he believed that this document was sufficient to "communicate" the necessary information about the trip to be reasonable. Moreover, as noted by the administrative judge, the fact that the appellant had communicated information about the trip by slipping the calendar under a door in the past is not a defense to the charge that he failed to follow instructions to communicate with a specific person regarding the trip details on this particular occasion. ID at 8. Likewise, the appellant's contention that the staff member could have contacted him if she had further questions is not a defense to the charge; the record shows that the appellant was given the direct instruction to communicate with the staff member, not vice versa. *See* PFR File, Tab 1 at 15; IAF, Tab 25 at 107.

¶9      The appellant further asserts that charge (b) was vague and that he was not adequately informed of the charges against him. PFR File, Tab 1 at 13. In situations such as these, due process requires that an appellant be told in what way he allegedly breached the LCSA so that he can attempt to overcome the waiver of appeal rights by proving that he complied with the LCSA. *Lizzio v. Department of the Army*, 534 F.3d 1376, 1383 (Fed. Cir. 2008). As pointed out by the administrative judge, the appellant was sufficiently notified of the charge because he received the June 6, 2013 email containing the instruction to communicate with the staff member and the June 19, 2013 follow-up email advising that he had not complied with the instruction. *See* ID at 6-8; IAF, Tab 25 at 107.

¶10     Regarding charge (d), the appellant does not dispute that he displayed in his office the swimsuit calendar showing a woman in a suggestive pose but states that the calendar was usually covered, he was in the process of moving offices when it was seen openly displayed, and he took it down immediately after being asked to do so. PFR File, Tab 1 at 17. However, even if these purportedly mitigating

circumstances are true, the fact remains that the appellant displayed a calendar that he knew or should have known was inappropriate for the federal workplace. *See* IAF, Tab 25 at 76-77 (agency directive defining sexual harassment to include displaying sexually-suggestive pictures). Further, his arguments that the calendar does not constitute actionable sexual harassment or hostile work environment are irrelevant. *See* PFR File, Tab 1 at 20. The appellant was charged with displaying an inappropriate calendar in his office, not with sexual harassment or creating a hostile work environment. *See* IAF, Tab 5 at 10. The Board has explained that the introduction of sexually-explicit material into the work environment has the potential to create a debilitating and discriminatory work environment and its presence inherently impedes the full inclusion of all employees as professional equals. *Morrison v. National Aeronautics & Space Administration*, 65 M.S.P.R. 348, 358 (1994). Thus, we agree with the administrative judge that the display of the calendar in the instant case was inappropriate, especially because the appellant worked in a therapeutic setting where it could have made some patients feel uncomfortable and did offend at least one female staff member, and find that the charge was correctly sustained. *See* ID at 17.

The administrative judge correctly determined that the conduct underlying charges (b) and (d) normally would result in disciplinary action.

¶11    Based on testimony by the deputy director and a human resources specialist, the administrative judge determined that the conduct alleged in each sustained charge normally would result in disciplinary action due to the appellant's disciplinary record and the progressive nature of penalties.[6] *See* ID at 17-18. On review, the appellant argues that L.R., a "similarly situated" employee, was not

---

[6] In April 2011, the appellant was suspended for 14 days for failure to follow instructions. IAF, Tab 25 at 130-31. In April 2010, he was suspended for inappropriate behavior. *Id.* at 134. In June 2007, he was suspended for disrespectful conduct and failure to follow orders. *Id.* at 135. In August 2006, he was suspended for misrepresentation of fact, failure to follow instructions, disrespectful conduct, and being absent without leave. *Id.* at 136.

disciplined for the "same conduct" underlying charge (b), and so it follows that such action *normally* would not result in discipline. PFR File, Tab 1 at 22-23. Although L.R. was copied on the email, the instruction to communicate with a certain staff member about the patient trip was specifically directed to the appellant only. IAF, Tab 25 at 107 (June 3, 2013 email). Thus, L.R. did not fail to follow a direct instruction as the appellant did.[7]

¶12    The appellant also appears to argue that discipline should not have been imposed for displaying the swimsuit calendar in his office because doing so does not constitute creating a hostile work environment or sexual harassment. PFR File, Tab 1 at 20. Pursuant to the unambiguous language of the LCSA, however, it is immaterial whether the conduct underlying the charges creates a hostile work environment or constitutes sexual harassment; as discussed above, any conduct that *normally* would result in disciplinary action constitutes a violation of the LCSA. *See* IAF, Tab 5 at 18. An agency may discipline an employee for "such cause as will promote the efficiency of the service" and, as previously explained by the Board, exposing coworkers in the work environment to sexually explicit material meets that standard. *Morrison*, 65 M.S.P.R. at 357. Thus, we agree with the administrative judge that displaying in the federal workplace a calendar showing a partially-clad woman in a suggestive pose normally would result in disciplinary action. *See* ID at 18.

¶13    For these reasons, we discern no error with the administrative judge's findings that the appellant violated the LCSA, i.e., that he engaged in conduct that normally would result in disciplinary action under the circumstances, and

---

[7] Although any disparate treatment is explained by the fact that the appellant, not L.R., was specifically instructed to communicate with the staff member, the administrative judge also explained that there was no evidence in the record to suggest that L.R. had a disciplinary record. ID at 18. Thus, it is reasonable that the appellant, who has a history of disciplinary action for failure to follow instructions and inappropriate behavior, normally would receive disciplinary action under the circumstances, while L.R., who has no prior discipline, normally would not receive discipline under the circumstances. *See* IAF, Tab 25 at 130-38 (prior discipline).

that the appeal rights waiver was enforceable. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). As such, we agree that it was proper to dismiss the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for

Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:  _____
William D. Spencer
Clerk of the Board

Washington, D.C.