**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHAUNA CONNOLLY,
                    Appellant,

                v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
DC-0752-14-1120-I-1

DATE: September 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter B. Broida, Esquire, Arlington, Virginia, for the appellant.

Jason P. Cooley, and Robin Matthew, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her removal pursuant to a last chance agreement (LCA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to find that (1) the agency did not rely on ¶ 2(j) of the LCA as a basis for invoking the agreement, and (2) the decision of an unemployment compensation examiner may be material to the jurisdictional question of whether an employee breached an LCA, we AFFIRM the initial decision.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On petition for review, the appellant contends that the administrative judge erred in failing to consider the impact of the collective bargaining agreement (CBA), in particular the following sections of Article 20:

Section 7

Unavoidable or necessary absence from duty of less than one hour may be handled administratively by the authorizing official in one of the following ways:

(a) By excusing the employee for adequate reasons.

(b) By requiring work time equivalent to the period of absence.

(c) By charging (in 15-minute units) against any leave time the employee may have to his or her credit.

Section 8

While an isolated instance of an unapproved absence of short duration (e.g., tardiness) may normally be handled as provided in Section 7, unapproved absences that are lengthy may be charged as

absence without leave. Unapproved absences, even of short duration, may be a basis for disciplinary action.

Section 13

Annual leave may be advanced as along as the employee would accrue that amount of annual leave during the remainder of the leave year. Employees do not have an entitlement to advanced annual leave.

Initial Appeal File (IAF), Tab 19 at 131. The appellant reasons that, under these provisions, her supervisor was not required to charge her with absence without leave (AWOL) for her 1-hour absence on July 24, 2014, but had discretion to choose other options, such as requiring her to work an additional hour on a later date or advancing leave to make up the deficiency. Petition for Review (PFR) File, Tab 1 at 12-18.

¶3 The appellant further argues that the administrative judge erred in requiring her to demonstrate bad faith on the part of the agency. She argues that, contrary to the administrative judge's analysis, the "good faith" required by the implied covenant of good faith and fair dealing means something other than the mere absence of bad faith. *Id*. at 18-22. Hence, the appellant argues, even if the agency's conduct did not sink to the level of bad faith, the administrative judge should have considered whether it acted in good faith when the appellant's supervisor charged her with AWOL instead of choosing another option allowed under the CBA. *Id*.

¶4 There is some dispute as to whether the Article 20 provisions are applicable in the first instance. The agency contends that the cited provisions were superseded by the more stringent leave-requesting procedures required under ¶ 2(j) of the LCA:

[The appellant] agrees that before the last Friday of each pay period, she will notify her immediate supervisor of her proposed maxi-flex schedule for the upcoming pay period, and no changes to such schedule will be allowed unless specifically approved in advance by her immediate supervisor.

IAF, Tab 14 at 44.[2]  For her part, the appellant argues that the LCA could not have modified the CBA, as a unilateral modification of the CBA by the agency would be an unfair labor practice.  PFR File, Tab 1 at 15. We need not resolve this question, however, because even assuming that Article 20 controls, the appellant has not shown that the agency failed to act in good faith when it charged her with 1 hour AWOL and invoked the LCA.

¶5      As an initial matter, we reject the appellant's suggestion that the agency bears the burden of proof on this issue.  Rather, it is the appellant who bears the burden of proving by a preponderance of the evidence that a waiver of appeal rights in an LCA should not be enforced.  *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007).[3]  There is also no merit to the appellant's suggestion that the CBA is designed to "require" leniency in excusing short unapproved absences.  PFR File, Tab 1 at 22.  While the cited CBA provisions allow for leniency, they also plainly contemplate that the agency has discretion to

---

[2] While it is undisputed that the appellant did not seek advance approval for a change to her schedule, the agency did not cite ¶ 2(j) as a basis for invoking the LCA.  IAF, Tab 14 at 11-14.  To the extent the administrative judge relied on a finding that the appellant breached ¶ 2(j), we agree with the appellant that her analysis was in error.  *Cf. Lizzio v. Department of the Army*, 534 F.3d 1376, 1384 (Fed. Cir. 2008) (finding that the full Board violated the petitioner's due process rights by relying on a ground for breach different from the one found by the administrative judge to have been asserted by the agency in the notice of breach).  However, the error is of no consequence, because the administrative judge also agreed with the agency's determination that the appellant's 1 hour of AWOL was an incident of misconduct warranting disciplinary action, and hence a breach of the LCA under ¶ 2(e).  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] Where, as here, an appellant seeks to prove Board jurisdiction over an appealable matter by showing that the agency breached an LCA waiving her right to appeal, she must establish that the agency breached the agreement in a material way, regardless of motive, or otherwise breached the agreement by acting in bad faith.  *Link v. Department of Treasury*, 51 F.3d 1577, 1582-83 (Fed. Cir. 1995).  As discussed above, the appellant takes the position that, even in the absence of bad faith, an agency may materially breach an LCA by failing to act in good faith.  If so, the burden of proof nonetheless remains with the appellant.

charge an employee with AWOL and take disciplinary action on that basis even where an unapproved absence is isolated and of brief duration.

¶6        The appellant objects that her supervisor did not "specifically apply" these provisions, or explain how they entered into her decision to charge her with AWOL. *Id*. at 17. However, the provisions in question essentially amount to a grant of discretion, and offer no guidance as to how that discretion should be exercised. The appellant suggests that the Board undertake an inquiry akin to an analysis of the factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), and consider the factors that may weigh in favor of leniency, *see* PFR File, Tab 1 at 22-23, but nothing in the CBA requires such an analysis. Had the appellant shown that the agency departed from an established practice of excusing absences in similar circumstances—i.e., where an employee attends an off-site agency event at the end of the day and leaves before the end of duty hours without a prior grant of administrative leave—this might serve as evidence that the agency failed to act in good faith. However, the record does not show even a single instance where the agency excused a similar absence. Moreover, we previously have held that it is not arbitrary, capricious, or an abuse of discretion for an agency to invoke an LCA based on 1 hour of AWOL. *See Gonzales v. Department of the Air Force*, 38 M.S.P.R. 162, 167 (1988).

¶7        The appellant also contends that the administrative judge failed to consider the weight or significance of an unemployment compensation decision, which found that her 1 hour of AWOL on July 24, 2014, did not constitute disqualifying misconduct. PFR File, Tab 1 at 23-24; *see* IAF, Tab 19 at 63-71 (Exhibit NN). We agree that the decision of an unemployment compensation examiner may be material to the jurisdictional question of whether an employee breached an LCA. *See Willis*, 105 M.S.P.R. 466, ¶ 15. Here, however, the compensation decision carries little weight, because the examiner explicitly refrained from making a finding as to whether the appellant committed a breach of the LCA warranting her removal:

> [A]ssuming, for argument purposes, that Claimant's one hour of AWOL on July 24, 2014, was appropriately utilized by Employer to terminate her employment pursuant to the Agreement, it does not, alone, rise to the level of misconduct under the unemployment statute.

IAF, Tab 19 at 68. Hence, to the extent the administrative judge may have failed to address the compensation decision, her error did not affect the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Accordingly, we affirm the initial decision, as modified, that dismissed the appellant's appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.